IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **BLAINE E. BENNETT,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:11-00270 |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**ORDER**

On August 26, 2011, the undersigned entered a Notice to Counsel of Failure to Make Service Within 120 Days. (Document No. 8.) The Notice directed counsel within ten days of the filing of the Notice to demonstrate good cause to the Court why service was not made within the requisite period. On September 9, 2011, within the ten day response period, counsel submitted to the Court his response and Affidavit. (Document No. 10.) Counsel asserts that he

> received a letter from the Office of Disability Adjudication Review dated July 13, 2011 stating that it "once again" gave me 60 days in which to file federally. I had previously done that, but took it to mean that a person had 120 days from July 13, 2011 to have the defendant served. Apparently, according to your show cause order, that is not the case.

(Id.)

On April 21, 2011, when Claimant filed his Complaint in this matter, Rule 4(m) of the Federal Rules of Civil Procedure, provided as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2011). In accordance with the 1993 Advisory Committee Notes, Rule 4(m)

requires the Court "to allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendment. See also, Henderson v. United States, 517 U.S. 654, 662, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996) (Stating in dicta that in "1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'"); Morgan v. Sebelius, __ F.Supp.2d __, 2010 WL 1404100 *2 (S.D. W.Va. Mar. 31, 2010) (Finding that the Court "has the discretion to extend the 120-day window for service even if a plaintiff fails to show good cause for the delay."). The Notes provide that relief may be justified when the applicable statute of limitations would bar the re-filed action, when the defendant is evading service of concealing a defect in attempted service, or to correct oversights in compliance with the requirements of multiple service in actions against the United States and its officers, agencies, or corporations. Id.

The Advisory Committee Notes to the 2007 Amendment, which is the current version of the rule and the version applicable to this matter, effective December 1, 2007, state that "[t]he language of Rule 4 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Fed. R. Civ. P. 4, Advisory Committee Note, 2007 Amendment.

Based on the foregoing, the Court finds that it has discretion to extend the 120-day period of time for service even in the absence of a showing of good cause. Accordingly, it is hereby **ORDERED** that the **Clerk shall issue new summonses** in this matter. Plaintiff shall effect service on the Defendant within **forty-five (45) days** from the entry of this Order.

The Clerk is requested to send a copy of this Order to Plaintiff and to counsel of record.

ENTER: October 5, 2011.

R. Clarke VanDervort
United States Magistrate Judge