IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **BLAINE E. BENNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:11-00270** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>M E M O R A N D U M   O P I N I O N</u>

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case is presently pending before the Court on the Plaintiff's Motion for Remand (Document No. 15.), Defendant's Motion for Judgment on the Pleadings. (Document No. 18.), and Plaintiff's Reply. (Document No. 20.) Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 3 and 4.)

The Plaintiff, Blaine E. Bennett (hereinafter referred to as "Claimant"), filed an application for SSI on June 24, 2008 (protective filing date), alleging disability as of December 15, 1992, due to "back pain, blood in stool, neck pain [and] numbness in hips/legs." (Tr. at 16, 114, 128.) The claim was denied initially and upon reconsideration. (Tr. at 51-53, 59-61.) On December 1, 2008, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 63.) The initial hearing was held on May 8, 2009, before the Honorable Mark O'Hara (Tr. at 41-48.), and a subsequent hearing was held on July 28, 2009, where Claimant appeared with Counsel, before the Honorable Brian P. Kilbane . (Tr. at 24-40.) By decision dated September 23, 2009, ALJ Kilbane determined that Claimant was not entitled to benefits. (Tr. at 16-23.) The ALJ's decision became

the final decision of the Commissioner on February 18, 2011, when the Appeals Council denied Claimant's request for review. (Tr. at 1-3.) On April 21, 2011, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2009). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's

remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2009). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since June 24, 2008, the application date. (Tr. at 18, Finding No. 1.) Under the second inquiry, the ALJ found that Claimant suffered from "obesity, and mild lumbar scoliosis," which were severe impairments. (Tr. at 18, Finding No. 2.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 18, Finding No. 3.) The ALJ then found that Claimant had a residual functional capacity to perform light exertional work, as follows:

> [T]he [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(c); except with minimal lifting of up to 20 pounds occasionally and up to 10 pounds frequently; only occasional climbing of ladders ropes and scaffolds; occasional crawling; [C]laimant must avoid concentrated exposure to extreme temperatures, vibration, and must avoid even moderate exposure to hazards such as machinery, heights, etc.

(Tr. at 19, Finding No. 4.) At step four, the ALJ found that Claimant had no relevant work. (Tr. at 21, Finding No. 5.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ also concluded that Claimant could perform jobs such as a laundry worker, silver wrapper, and production inspector, at the light level of exertion. (Tr. at 21-22, Finding No. 9.) On this basis, benefits were denied. (Tr. at 22, Finding No. 10.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying

3

the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on July 15, 1960, and was 49 years old at the time of the second administrative hearing, July 28, 2009. (Tr. at 21, 27, 114.) Claimant had a high school education and was able to communicate in English. (Tr. at 16, 27, 127, 133.). Claimant had no past relevant work. (Tr. at 17, 128-30, 36.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will discuss it below in relation to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant alleges that the Commissioner's decision is not supported by substantial evidence

4

because the ALJ erred at step five of the sequential analysis in relying on the testimony of the VE, whose testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"). (Document No. 15.) First, Claimant asserts that the production inspector job does not exist within the DOT, and therefore, that the VE's testimony was inconsistent with the DOT. (Id. at 3.) In response, the Commissioner asserts that the fact that the DOT does not contain a specific entry for a "production inspector," did not mean that the occupation was non-existent or that there was a conflict between the DOT and the VE's testimony. (Document No. 18 at 10-11.) Citing Lindsley v. Comm'n of Soc. Sec., 560 F.3d 601, 605 (6th Cir. 2009), and Fisher v. Barnhart, 181 F. App'x 359, 365 (4th Cir. 2006), the Commissioner asserts that although there are no specific occupational titles for production inspector in the DOT, there are numerous light, unskilled inspector type occupations "that were in the production area involving the same substantive characteristics." (Id. at 11.) The Commissioner therefore, contends that the VE's testimony is not inconsistent with the DOT. (Id. at 12.) In reply, Claimant asserts that the ALJ and VE should have used proper DOT numbers because "this Court, nor anyone else should be required to 'guess' at what the presiding administrative law judge based his unfavorable decision on." (Document No. 20 at 1-2.)

Claimant next asserts that the laundry worker job does not constitute substantial gainful employment in the regional economy. (Document No. 15 at 4.) He asserts that he discovered in the DOT six laundry worker jobs, only two of which meet the ALJ's RFC finding. (Id.) The first is laundry worker, DOT 302.685-010 and the second is laundry worker 3, 369.387-010. (Id.) He asserts that there are only 14, 000 such jobs nationally and less than 200 regionally, which does not constitute substantial gainful employment. (Id.) Citing Fisher, the Commissioner asserts in response that a domestic laundry worker is consistent with the ALJ's RFC finding and the VE's testimony. (Document No. 18 at 12.) He further asserts that there are other laundry worker jobs in the DOT

5

compatible with the ALJ's RFC finding and the VE's testimony, including hand washer, classifier, flatwork tier, and wearing apparel shaker. (Id.) Thus, the Commissioner contends that Claimant's argument lacks merit. (Id.)

Claimant next asserts that both the laundry worker and silver wrapper jobs cannot be performed because the lifting limits conflict with Dr. Houts's opinion that Claimant is limited to "minimal lifting." (Document No. 15 at 3-4.) These two jobs identified by the VE have light lifting requirements under the DOT, which Claimant asserts is inconsistent with the ALJ's RFC finding. (Id.) In response, the Commissioner asserts that Dr. Houts did not specify the minimal weight that Claimant could lift and that the ALJ reviewed all the evidence and determined that Claimant minimally could lift up to 20 pounds occasionally and up to ten pounds frequently. (Document No. 18 at 13.) The Commissioner asserts that the ALJ's RFC finding is consistent with the opinions of Dr. Othman and the State agency medical consultants, as well as Claimant's testimony that he could lift 15 to 20 pounds. (Id.) Accordingly, the Commissioner contends that Claimant's argument is without merit. (Id.)

Finally, Claimant asserts that of the 3,000 regional silver wrapper jobs, none are located in this area. (Document No. 15 at 4-5.) Claimant requested to submit documentation within five business days regarding his argument. (Id. at 4.) In response, the Commissioner asserts that even if there are no silver wrapper jobs in the regional economy, pursuant to 20 C.F.R. § 416.966(b), a claimant will be found not disabled if there is work that he can do that exists in the national economy. (Document No. 18 at 14-15.) Citing 20 C.F.R. § 416.966(a)(1), (2), the Commissioner asserts that contrary to Claimant's argument, "it does not matter whether work exists in the immediate area in which he lives or whether a specific job vacancy exists for him." (Id. at 14.) In reply, Claimant "concedes said DICOT number and employment as it relates to silver wrapper."

6

(Document No. 20 at 2.)

Analysis.

      To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). "[I]t is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular claimant's impairments and abilities – presumably, he must study the evidence of record to reach the necessary level of familiarity." Id. at 51. Nevertheless, while questions posed to the vocational expert must fairly set out all of a claimant's impairments, the questions need only reflect those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Additionally, the hypothetical question may omit non-severe impairments, but must include those which the ALJ finds to be severe. See Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

      SSR 00-4p, which became effective December 4, 2000, and was in effect at the time of the administrative hearing in 2010, states that before an ALJ can rely on Vocational Expert testimony, he or she must identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by the vocational expert and information contained in the DOT and explain in the determination or decision how any conflict that has been identified was resolved. Social Security Ruling 00-4p, 2000 WL 1898704 (December 4, 2000).

      Claimant first argues that the DOT does not contain a listing for the job of a production inspector as identified by the VE, and therefore, the VE's testimony is not consistent with the DOT. (Document No. 15 at 3.) As the Commissioner points out, the DOT contains many unskilled inspector positions that involve the same substantive characteristics that fulfill the VE's meaning

of a "production inspector." See DOT occupational number 734.687-0267 (buckle inspector); 733.687-062 (pencil inspector. Accordingly, the Court finds that Claimant's argument is without merit.

Claimant next alleges that the laundry worker does not constitute substantial gainful employment. (Document No. 15 at 4.) The Court finds persuasive the Commissioner's argument that pursuant to the DOT, a domestic laundry worker is akin to that of a laundry worker and is consistent with the VE's testimony and the DOT. DOT occupational code 302.685-101, is classified as light and unskilled and appears to be consistent with the VE's testimony and the DOT. Furthermore, the other jobs as identified by the Commissioner comport with the VE's testimony. Accordingly, Claimant's argument in this regard lacks merit and any error in identifying the wrong job is harmless.

Claimant also alleges that the laundry worker and silver wrapper jobs exceed the minimal lifting requirements identified by Dr. Houts. (Document No. 15 at 3-4.) The ALJ imposed minimal lifting requirements of ten pounds frequently and twenty pounds occasionally on Claimant. (Tr. at 19.) The ALJ based his RFC assessment upon Claimant's testimony that he could lift 15 to 20 pounds (Tr. at 34.), as well as the state agency opinions. (Tr. at 182-88, 189-96, 200.) There is nothing of record therefore, to suggest that the ALJ's RFC assessment was inconsistent with Dr. Houts's "minimal lifting" requirement or the ability to perform the jobs of laundry worker or silver wrapper. Claimant's argument in this regard is without merit.

Finally, it is noted that Claimant initially alleged that none of the silver wrapper jobs were located in his area. In his reply brief however, he conceded the DOT number and employment. (Document No. 20 at 2.) Accordingly, the Court does not consider Claimant's argument in this respect.

8

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Remand (Document No. 15.) is **DENIED**, Defendant's Motion for Judgment on the Pleadings (Document No. 18.) is **GRANTED**, the final decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED** from the docket of this Court.

.	The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: March 29, 2013.

R. Clarke VanDervort
United States Magistrate Judge

9